# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNE STEERS,<br>CDCR #V-09166,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION;<br>CASEY TIUMALU, Badge #57049;<br>BERNIE M. CABATU, Badge #141861;<br>M. FOX, Sgt. Badge #55525;<br>E.L. AVALOS, Lieutenant;<br>ROBERT J. HERNANDEZ, Warden,<br><br>　　　　　　　　　　　Defendants. | Civil No.　　07-2339 WQH (JMA)<br><br>**ORDER:**<br><br>**(1)  DISMISSING CLAIMS AGAINST DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION & ROBERT J. HERNANDEZ SUA SPONTE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b);**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(1) [Doc. No. 9]**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) &  28 U.S.C. § 1915(d)** |

### I.　　Procedural History

On December 13, 2007, Verne Steers ("Plaintiff"), an inmate currently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the civil filing

fee required by 28 U.S.C. § 1914(a), but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

On February 29, 2008, this Court granted Plaintiff's Motion to Proceed IFP, but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See* Feb. 29, 2008 Order at 5-6. Specifically, the Court found that the only named defendant, the California Department of Corrections and Rehabilitation ("CDCR"), was not a "person" subject to suit under § 1983, and was entitled to absolute immunity from money damages under the Eleventh Amendment. *Id*. The Court further noted that to the extent Plaintiff wished to assert an Eighth Amendment claim based on Richard J. Correctional Facility ("RJD") officials' failure to protect him from an attack by fellow inmates while he was incarcerated there in 2005, his Complaint failed to allege (or even identify) any specific RJD official who acted with "deliberate indifference" to his safety. *Id.* at 5 (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)).

Nonetheless, the Court granted Plaintiff leave to file a First Amended Complaint. *Id*. at 5-6. On April 10, 2008, Plaintiff filed his First Amended Complaint ("FAC"), which re-alleges Eighth Amendment claims against the CDCR, but also names several individual RJD officials as defendants [Doc. No. 8]. At the same time, Plaintiff submitted a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 9].

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As previously discussed in its February 29, 2008 Order, because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must sua sponte review his pleading before service, and dismiss the entire action, or any part of his Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

///

Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

First, the Court notes that Plaintiff's Amended Complaint continues to name the CDCR as a defendant in this case. (FAC at 1, 9.) However, as the Court concluded in its February 29, 2008 Order, the CDCR is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept of State Police*, 491 U.S. 58, 62 (1989) (holding that the Eleventh Amendment prohibits suits against a state, and section 1983 does not abrogate this immunity since a state is not a "person" for purposes of the statute). As an "arm" or department of the State, the CDCR is shielded from liability under the Eleventh Amendment. *Id.* at 70; *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). "[I]n the absence of consent a suit

1 in which the State or one of its agencies or department is named as the defendant is proscribed
2 by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief
3 sought." *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted). Therefore,
4 Plaintiff's claims against the CDCR, undisputably a department of the State of California, are
5 prohibited by the Eleventh Amendment. The state has not consented to be sued under section
6 1983 and Congress did not override states' sovereign immunity when it enacted section 1983.
7 *Will*, 491 U.S. at 67; *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498 (9th Cir.
8 1990). For these reasons, the Court hereby DISMISSES all claims against the CDCR without
9 further leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d
10 at 1126-27; *Resnick*, 213 F.3d at 446.

11 Second, Plaintiff's Amended Complaint states that he "would like to name the Warden
12 ... [of RJD] Robert J. Hernandez as a party to this action," (FAC at 2), however, there is no
13 respondeat superior liability under § 1983, *see Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th
14 Cir. 1993), and Plaintiff has failed to overcome the respondeat superior bar by alleging any
15 individual participation, act or omission on the part of the Warden which might support an
16 Eighth Amendment claim. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986) (to avoid
17 the respondeat superior bar, the plaintiff must allege personal acts by the defendants which have
18 a direct causal connection to the constitutional violation at issue); *see also Paine v. City of
19 Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in
20 the incidents that could give rise to liability" is a necessary element of the § 1983 claim). For
21 this reason, the Court also DISMISSES Warden Robert J. Hernandez as a party to this action
22 pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213
23 F.3d at 446.

24 However, Plaintiff's Amended Complaint further alleges that CDCR officials Casey
25 Tiumalu, Bernie Cabatu, Lt. E.L. Avalos and Sergeant M. Fox, were the "officers [who] were
26 part of the incident," and who were "in charge of the gym" but who "failed to provide adequate
27 protection" or security in the RJD gym area where Plaintiff was housed on May 4, 2005, when
28 he alleges to have been beaten in the head by two fellow inmates with socks filled with locks or

other hard objects in them. *See* FAC at 2, 5-7. Plaintiff claims these officials "knew [his] charges," and that he was a "Level 1" inmate "without any strikes," but nevertheless "placed [him] on a Level 3 to Level 4 Yard with violent criminals" who immediately attacked him. *Id.* at 7. Plaintiff alleges these officers demonstrated "deliberate indifference by placing [him] in the gym ... in the first place." *Id.; see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to establish an Eighth Amendment failure to protect violation, the plaintiff must show that prison officials were "deliberately indifferent" to a serious threat to his health or safety).

Based on these allegations, the Court finds that Plaintiff's Eighth Amendment failure to protect claims against defendants Tiumalu, Cabatu, Fox and Avalos survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore entitled to U.S. Marshal service upon these individuals on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.  Motion for Appointment of Counsel

Finally, Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989).

However, "[t]itle 28 U.S.C. § 1915(e)(1) permits the district court, in its discretion, to 'request an attorney to represent any person unable to afford counsel.'" *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(1)); *see also Agyeman*


*v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Such discretion may be exercised upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "To show exceptional circumstances the litigant must demonstrate the likelihood of success and complexity of the legal issues involved." *Burns*, 883 F.2d at 823 (citation omitted); *Hedges*, 32 F.3d at 1363; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Neither the likelihood of success nor the complexity of the case are dispositive; both must be considered. *Terrell*, 935 F.2d at 1017; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the factual basis of his claim. Under these circumstances, the Court DENIES Plaintiff's Motion for appointment of counsel without prejudice. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**IV.   Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel [Doc. No. 9] is **DENIED.**

2. The California Department of Corrections and Rehabilitation and Robert J. Hernandez are **DISMISSED** as defendants in this action pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

**IT IS FURTHER ORDERED** that:

3. The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [Doc. No. 8] upon remaining defendants Casey Tiumalu, Badge #57049; Bernie M. Cabatu, Badge #141861; M. Fox, Badge #55525, and Lt. E.L. Avalos, and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's February 29, 2008 Order granting Plaintiff leave to proceed IFP [Doc. No. 7], and certified copies of his First Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided

by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

4. Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

5. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: June 23, 2008

**WILLIAM Q. HAYES**
United States District Judge