1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

VERNE W. STEERS,
CDCR #v-09166,

                                        Plaintiff,

                        vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

                                        Defendants.

Civil No.      07-2339 WQH (JMA)

**ORDER SUA SPONTE DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM**

**[Doc. No.  33]**

**I.      Procedural History**

          On December 13, 2007, Verne W. Steers ("Plaintiff"), a former state inmate filed this civil rights action pursuant to 42 U.S.C. § 1983.  As required by 28 U.S.C. §§ 1915(e)(2) & 1915A, the Court conducted a sua sponte screening of Plaintiff's Complaint and dismissed his Complaint for failing to state a claim.  (*See* Feb. 29, 2008 Order at 5-6.)  Plaintiff filed his First Amended Complaint on April 10, 2008.  Again the Court conducted a sua sponte screening, dismissed some Defendants and directed the U.S. Marshal to effect service of the First Amended Complaint on the remaining Defendants.  (*See* June 23, 2008 Order at 6–7.)

          Over one year later, the Court issued an Order to Show Cause why the case should not be dismissed for failing to prosecute.  (*See* July 17, 2009 Order at 1-2.)  Plaintiff submitted a

response to the Court and the Court found that there was good cause to permit Plaintiff further time to serve Defendants.  Subsequently, Plaintiff filed a Motion to Amend his First Amended Complaint.  Plaintiff was granted leave to amend his First Amended Complaint and he was directed to file his Second Amended Complaint no later than December 10, 2009.  (*See* Nov. 19, 2009 Order at 2.)  Although untimely, the Court permitted Plaintiff to file his Second Amended Complaint ("SAC")  on January 25, 2010.

Upon review of Plaintiff's Second Amended Complaint, the Court finds that it is appropriate to conduct a sua sponte screening of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines" that the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune.).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

**A.      Standard**

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP.  *See* 28 U.S.C. § 1915(e)(2).  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

As currently pleaded, it is clear that Plaintiff's Second Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

/ / /

**B.     Rule 8**

First, the Court finds that Plaintiff's Second Amended Complaint fails to comply with Rule 8.   Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(1) & (2).   Here, Plaintiff sets forth a list of Defendants but fails to tie any of his factual allegations to any one of the named Defendants in the body of the Second Amended Complaint.

**C.     Eighth Amendment Failure to Protect Claims**

Plaintiff alleges that he was housed at the Richard J. Donovan Correctional Facility ("RJD") on May 4, 2005.  (*See* SAC at 1.)  On that date, Plaintiff claims that he was severely beaten by unknown inmates.  (*Id.* at 5.)  While Plaintiff alleges that he was seriously injured, he fails to allege any facts from which the Court could find that he has stated an Eighth Amendment claim against any of the named Defendants. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners.  *Farmer*, 511 U.S. at 833;  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety.  *Farmer*, 511 U.S. at 834.   If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference."  *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Here, while not entirely clear, it appears that Plaintiff claims that prison officials should have known of an excessive risk to his health and safety based on the fact that he was "charged with elderly abuse." (Compl. at 5.) He further claims that he should not have been housed with "violent criminals." (*Id.* at 6.)  However, Plaintiff admits that he does not know the identify of the inmates that attacked him nor does he allege any facts by which the named Defendants

should have had knowledge that he would be attacked.  Plaintiff fails to adequately allege with any specificity how the *individual* Defendants would have known that there was a serious risk of harm.  Thus the Court finds that there are no allegations which would demonstrate that any of the named Defendants  "consciously disregarded an excessive risk to his health or safety." *Farmer*, 511 U.S. at 834; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and proximate cause of his injury).

Thus, Plaintiff's Eighth Amendment failure to protect claims are dismissed for failing to state a claim upon which relief can be granted.

**C.    Respondeat Superior**

Plaintiff's claims against the named Defendants appear to seek to hold a majority of Defendants liable in their supervisory capacity.  However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however, Plaintiff's Second Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against any of the named Defendants.

1    Accordingly, the Court finds that Plaintiff's Second Amended Complaint fails to state a
2    section 1983 claim upon which relief may be granted, and is therefore subject to dismissal
3    pursuant to 28 U.S.C. § 1915(e)(2)(b).  The Court will provide Plaintiff with an opportunity to
4    amend his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended
5    complaint fails to address the deficiencies of pleading noted above, it will be dismissed with
6    prejudice and without leave to amend.

7    **III.    Conclusion and Order**

8    Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

9    Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice pursuant to
10   28 U.S.C. §§ 1915(e)(2).  However, Plaintiff is **GRANTED** forty five (45) days leave from the
11   date this Order is Filed in which to file a Third Amended Complaint which cures all the
12   deficiencies of pleading noted above.  Plaintiff's Third Amended Complaint must be complete
13   in itself without reference to the superseded pleading.  *See* S.D. CAL. CIVLR. 15.1.  Defendants
14   not *individually* named and all claims not re-alleged in the Amended Complaint will be
15   considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

16   DATED:  February 8, 2010

17

                    *William Q. Hayes*
18                  **WILLIAM Q. HAYES**
                    United States District Judge